UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Vic Whitney, *Administrator of the Estate of Deceased Maria Reyes*,

        Plaintiff,

v.

Rapid Transport LLC, et al.,

        Defendants.

Case No. 3:25-cv-931

ORDER

On October 6, 2025, Plaintiff invoked this Court's diversity jurisdiction when filing this action. (Doc. No. 1 at 4).

For a district court to have original diversity jurisdiction over a case, complete diversity must exist between the parties to the dispute. 28 U.S.C. § 1332(a). To satisfy the diversity jurisdiction requirements, the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1).

Plaintiff alleges "defendants are citizens of different states than the plaintiff." (Doc. No. 1 at 4). But Plaintiff offers no fact to support such a finding. In fact, Plaintiff states no facts by which I may determine the citizenship of *any* Defendant to this action.

To avoid dismissal of this action for lack of subject matter jurisdiction, Plaintiff shall supplement the Complaint by filing an affidavit of jurisdiction no later than March 18, 2026. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). In this affidavit, Plaintiff must state sufficient facts for me to determine the citizenship of each Defendant. Specifically, Plaintiff must state sufficient facts for me to determine:

1.) The domicile of each individual Defendant. *See Certain Interested Underwriters at Llyod's, London, England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994) (citing *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990)).

2.) The identity and citizenship of each member and sub-members of each LLC Defendant, which "must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("[A] limited liability company has the citizenship of each of its members. . . . When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well.") (citations omitted). To be clear, for each member and sub-member, Plaintiff must state jurisdictional allegations sufficient for me to determine the citizenship of that member (e.g., the domicile of individuals, the place of incorporation and principal place of business of corporations).

While I acknowledge that it remains Plaintiff's burden to establish this Court's diversity jurisdiction was properly invoked, I remind Defendants' counsel of this Court's expectation of collaboration and urge them to actively participate in acquiring the relevant facts required to determine appropriate jurisdiction so jurisdiction can be verified as soon as possible.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge